ELIZABETH FIRE OFFICERS ASSOCIATION, COMPLAIN-
ANT-RESPONDENT, v. CITY OF ELIZABETH, A MU-
NICIPAL CORPORATION, RESPONDENT-APPELLANT.

ELIZABETH POLICE SUPERIOR OFFICERS ASSOCIATION,
INC., PETITIONER-RESPONDENT, v. CITY OF ELIZA-
BETH, A MUNICIPAL CORPORATION, RESPONDENT-
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1971—Decided March 9, 1971.

Before Judges KILKENNY, HALPERN and LANE.

*Mr. John R. Weigel* argued the cause for appellant (*Mr. Edward W. McGrath,* city attorney for the City of Elizabeth).

*Mr. Raymond S. Londa* argued the cause for respondent Elizabeth Police Superior Officers Association, Inc. (*Messrs. Londa and Londa,* attorneys).

Mr. *Theodore A. Winard,* Deputy Attorney General, appeared on behalf of respondent Public Employment Relations Commission (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Mr. *Francis X. Hayes* filed a brief *amicus curiae* on behalf of New Jersey League of Municipalities and New Jersey Institute of Municipal Attorneys.

The opinion of the court was delivered by

KILKENNY, P. J. A. D. In these consolidated appeals the City of Elizabeth seeks to set aside decisions of the New Jersey Public Employment Relations Commission (PERC) and to have it ordered that (1) the appropriate negotiating unit for superior police officers excludes all officers holding the rank of Lieutenant, captain, deputy chief and chief, and (2) the appropriate negotiating unit for officers of the fire department excludes all officers holding the rank of battalion chief, deputy chief and chief. A further directive is sought from the court that new elections be held for both appropriate negotiating units to determine representation.

These consolidated appeals have as their essential issue the interpretation of the term "managerial executive" within the exclusionary language of *N. J. S. A.* 34:13A–5.3, as applied to the Elizabeth Police and Fire Departments.

That section of the statute provides, in pertinent part, for the formation, without fear of penalty or reprisal, of public employees organizations,

* * * provided, however, that this right shall not extend to any *managerial executive* except in a school district the term *managerial executive* shall mean the superintendent of schools or his equivalent, nor, except where established practice, prior agreement or special circumstances, dictate the contrary, shall any supervisor having the power to hire, discharge, discipline, or to effectively recommend the same, have the right to be represented in collective negotiations by an employee organization that admits nonsupervisory personnel to membership * * *. (Emphasis added).

The section also provides:

The negotiating unit shall be defined with due regard for the *community of interest among the employees concerned*. [Emphasis added]

Unfortunately, the Legislature did not define more precisely its reference to a "managerial executive," except in a school district where the term was equated with "superintendent of schools or his equivalent." Nor did the Legislature define "community of interest." Our Supreme Court has considered the probable legislative intent with reference to a school district in *Board of Education, Orange v. Wilton,* 57 *N. J.* 404 (Jan. 26, 1971). There the board of education recognized the Administrators Association of West Orange Public Schools as negotiating representatives for principals, assistant principals, subject-matter directors and administrative assistants but excluded from the unit "Directors who act in supervisory capacity" over such personnel. The board refused to accept the Association as the appropriate negotiating unit for Elizabeth Wilton who holds the supervisory position of director of elementary education.

PERC ruled that Miss Wilton had such a "community of interest" with the other members of the Association as to warrant her inclusion in the collective bargaining unit. It held:

The Act is clear and unambiguous in not proscribing the right of various ranks of supervisors to be combined in the same unit or belong to the same organization.

PERC interpreted the statute to exclude from an employees' unit only the superintendent of schools, as *N. J. S. A.* 34:13A-5.3 expressly provides, as noted above. It allowed all other supervisors, regardless of the rank of some over others, to be members of the same bargaining unit.

In the opinion Justice Francis noted the need to evaluate two factors in seeking out a proper solution of the question

in *Wilton*. First, the degree of supervision of principals over assistant principals was without particular bearing because both of these grades of supervisors were members of the Association, and the board of education had raised no issue with respect to their membership. Secondly, PERC referred to Miss Wilton's desire and consent to be a part of the unit. Justice Francis observed, "Her consent is an element which may be considered but, as in the private employment sector, it should not be deemed controlling." The determinative factor is "whether her inclusion in the unit will serve and not subvert the purpose of the Act, *i. e.*, establishment and promotion of fair and harmonious employer-employee relations in the public service."

There is no unqualified direction in *N. J. S. A.* 13A–5.3 and 13A–6(d) to permit all supervisory employees to join a single negotiating unit, regardless of gradations of duties of particular supervisors. If performance of assigned duties by a particular supervisor "bespeaks such an intimate relationship with the management and policy-making function as to indicate actual or potential substantial conflict of interest between him and other supervisory personnel in a different or lower echelon of authority, such supervisor should not be admitted to the same negotiating unit. * * * Obviously no man can serve two masters." *Wilton,* supra.

Community of interest has been regarded as identity of interest. An important consideration is whether an employee sought to be included in a unit is one from whom the other employees may need protection; whether his inclusion will involve a potential conflict of interest. *Wilton*, and see cases cited.

 Our Legislature intended PERC to determine the appropriate negotiating unit in the event of a dispute. The criterion of community of interest mandates a consideration of the question of substantial potentiality for conflict of interest among the employees in a particular unit. In the instant cases, PERC has ruled that the chief and deputy chiefs of the Elizabeth Police Department "do not exercise

the role of managerial executives." Accordingly, it held that the unit appropriately constituted all sergeants, lieutenants, captains, deputy chiefs and the chief of police. As to the Fire Department, PERC would allow in the same collective bargaining unit all officers, without regard to rank.

As *Wilton* cogently points out, "One underlying concept * * * is that representatives of the employer and the employees cannot sit on both sides of the negotiating table." In the present case, as in *Wilton,* PERC made no evaluation, in terms of conflict of interest, of the facts relating to the supervisory authority of one set of officers over the others. As a general proposition, we believe that PERC was in error in declaring that all superior officers, "regardless of their status with respect to each other, *per se* possess the community of interest which requires their inclusion in the same negotiating unit." We deem that language in *Wilton* equally appropriate here.

PERC chose not to meet the meritorious issue as to which Fire Department officers constitute "managerial executives" because the city had not challenged an earlier decision by PERC as to the proper representative unit. To avoid disparity as to the analogous police and firemen's superior officers associations, the issue ought to be considered on its merits as to both. We choose not to allow this litigation to bog down on the basis of procedural deficiencies.

We shall do in the instant case what the Supreme Court deemed necessary and proper in *Wilton.* The matter is remanded to PERC for a specific fact finding and statement of the reasons therefor, as to whether the respective superior officers' obligations to Elizabeth as they now exist are sufficiently indicative of potential conflict of interest between the respective officers to require exclusion of some of the supervisory personnel from this particular negotiating unit. When such determination is made by PERC, any aggrieved party may seek a review in the Appellate Division. Meanwhile, we do not retain jurisdiction.